```
1  ROBERT H. ZIMMERMAN, Bar No. 84345
   SCHUERING ZIMMERMAN
2  SCULLY TWEEDY & DOYLE, LLP
   400 University Avenue
3  Sacramento, California  95825-6502
   (916) 567-0400
4  FAX:  568-0400

5  Attorneys for Defendant HARRAH'S
   ENTERTAINMENT, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MILETAK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC.,<br><br>　　　　Defendants.<br>_____ | NO.  C07 04398<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF JURISDICTION (FRCP 12(b)(2)); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MICHAEL E. KOSTRINSKY IN SUPPORT THEREOF<br><br>Date:　　　December 12, 2007<br>Time:　　　9:30 a.m.<br>Judge:　　 Magistrate Judge Richard Seeborg<br>Courtroom:　4 |

TO: PLAINTIFF NICK MILETAK, IN PROPRIA PERSONA

　　　Specially Appearing Defendant Harrah's Entertainment, Inc., by and through its attorneys of record Schuering Zimmerman Scully Tweedy & Doyle, LLP, will move the Court to dismiss the action pursuant to FRCP 12(b)(2) for lack of personam jurisdiction. As grounds therefor, defendant submits that Harrah's Entertainment, Inc., does not have substantial, systematic, and continuous contacts with California.  Further, defendant submits that plaintiff's causes of action are unrelated to any contacts Harrah's Entertainment, Inc., may have with California and the exercise of jurisdiction would be unreasonable under the circumstances.

/////

This motion will be based on this notice of motion, the memorandum of points and authorities filed herewith, the declaration of Michael E. Kostrinsky, and the pleadings and papers filed herein.

Dated: October 25, 2007

                                    **SCHUERING ZIMMERMAN**
                                    **SCULLY TWEEDY & DOYLE, LLP**

                                  By  /s/
                                              Robert H. Zimmerman
                                              Attorneys for Defendant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. STATEMENT OF FACTS**

This is an action based on 15 U.S.C. § 52 and 15 U.S.C. § 1125 brought pursuant to Plaintiff's allegations of improper advertising by Harveys Lake Tahoe Casino & Resort (hereinafter "Harveys") and Harrah's Lake Tahoe Casino & Hotel (hereinafter "Harrah's Lake Tahoe"). Plaintiff alleges that on or about January 2006, he attempted to redeem a promotional invitation sent to his mother, Filk Miletak, containing various offers from Harveys and Harrah's Lake Tahoe. Specifically, Plaintiff alleges that he attempted to confirm a reservation for a free room and was told he could not make a reservation because the dates requested were in high demand.

Plaintiff filed a complaint based on alleged deficiencies of the above-referenced promotional invitations in the U.S. District Court for the Northern District of California on August 27, 2007, naming Harrah's Entertainment, Inc., as the only defendant. Harrah's Entertainment, Inc. (hereinafter "Harrah's Entertainment"), does not own, operate, or manage Harveys or Harrah's Lake Tahoe. Harrah's Entertainment is a Delaware Corporation with its principal place of business in Las Vegas, Nevada. Harrah's Entertainment does not own any real or personal property in California. Harrah's Entertainment does not own or operate any hotels or casinos in California, and Harrah's Entertainment has no offices or employees in California.

## II. STATUTORY AUTHORITY

Federal Rules of Civil Procedure Rule 12 provides in pertinent part:

> (b)   How Presented.
>
> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . . .
>
> (2)   lack of jurisdiction over the person,
>
> . . . .

## III. DISCUSSION OF LAW

**A.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF IN PERSONAM JURISDICTION**

A District Court may exercise personal jurisdiction over an individual if the individual would be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(a). California courts may exercise personal jurisdiction over a foreign defendant to the extent allowed under the State and Federal Constitutions. Cal. Civ. Proc. Code § 410.10. The exercise of personal jurisdiction is constitutionally permissible only if the defendant has sufficient minimum contacts with the state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 444 (1996), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction pursuant to these minimum contacts can be either general or specific. *Snowney v. Harrah's Entertainment, Inc.*, 35 Cal.4th 1054 (2005).

General jurisdiction over a defendant exists when it is shown that the defendant has substantial, continuous, and systematic contacts with the forum state. *Vons Companies, Inc.,* 14 Cal.4th at 445. Specific jurisdiction is proper only if three conditions

/////

are met: (1) the defendant purposefully avails himself to the benefits and privileges of conducting business in the forum state; (2) the cause of action arises out of the defendant's contacts with the forum state; and (3) the exercise of jurisdiction is fair and reasonable under the circumstances. *Id.* at 446, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-478 (1985). Courts must avoid a mechanical application of these guidelines and should weigh the facts in each case to measure the sufficiency of the contacts. *Snowney*, 35 Cal.4th at 1061, citing *Kulko v. California Superior Ct.*, 436 U.S. 84, 92 (1978).

When jurisdiction is challenged by a nonresident defendant, the plaintiff bears the burden of proving that sufficient minimum contacts exist between the defendant and the forum state. *Sibley v. Superior Court*, 16 Cal.3d 442, 445 (1976).

### 1.     This Court Lacks General Jurisdiction of the Defendant

General jurisdiction over a nonresident defendant is proper only when the defendant's contacts with the forum state are substantial, systematic, and continuous. *Vons Companies, Inc.,* 14 Cal.4th at 445. Engaging in limited commercial activities in the forum state, even if at regular intervals, is not enough to subject a nonresident corporation to general jurisdiction. See *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984).

In *Helicopteros*, a nonresident defendant corporation regularly purchased helicopters and helicopter equipment in the forum state, had employees trained in the forum state, and also made regular payments to a bank account in the forum state. The Supreme Court concluded that these contacts were insufficient to establish general jurisdiction over the defendant corporation. In reaching this conclusion, the Court noted that the events at issue occurred outside the forum state, the defendant corporation had no real or personal property in the forum state, had no employees based in the forum state, and had no offices in the forum state.

/////

/////

The contacts in the present case, like those in *Helicopteros*, are not sufficient to establish general jurisdiction over the defendants. Harrah's Entertainment is a Delaware Corporation with its principal place of business in Las Vegas, Nevada. Declaration of Michael E. Kostrinsky, ¶ 2. Harrah's Entertainment does not own any real or personal property in California. Declaration of Michael E. Kostrinsky, ¶ 5. Harrah's Entertainment does not own or operate any hotels or casinos in California, and Harrah's Entertainment has no offices or employees in California. Declaration of Michael E. Kostrinsky, ¶ 6, 7.

Based on the absence of substantial, systematic, and continuous contacts between Harrah's Entertainment and the state of California, extension of general jurisdiction would be improper.

### 2. The Court Lacks Specific Judisdiction Over The Defendant

Specific jurisdiction is proper only if three conditions are met: (1) the defendant purposefully avails himself to the benefits and privileges of conducting business in the forum state; (2) the cause of action arises out of the defendant's contacts with the forum state; and (3) the exercise of jurisdiction is fair and reasonable under the circumstances. *Vons Companies, Inc.,* 14 Cal.4th at 446, citing *Burger King Corp.,* 471 U.S. at 472-478. For the reasons set forth below, Plaintiff's causes of action are unrelated to any contacts Harrah's Entertainment may have with the state of California and the exercise of jurisdiction would be unreasonable under the circumstances.

#### a. The Cause Of Action Is Unrelated To Defendants' Contacts With The Forum State.

When evaluating the connection between a cause of action and the defendant's contacts with the forum state, California courts apply the substantial nexus test. *Vons Companies, Inc.*, 14 Cal.4th at 446. The crucial inquiry in the substantial nexus test "concerns the character of defendant's activity in the forum [and] whether the cause of action arises out of or has a substantial connection with that activity." *Id.* at 448, citing *Cornelison v. Chaney*, 16 Cal.3d 143, 148 (1976). The California Supreme Court further
/////

1  explained this inquiry, stating, "As the relationship of the defendant with the state seeking to exercise jurisdiction over him grows more tenuous, the scope of jurisdiction also retracts." *Id.*

The substantial nexus test has been applied in circumstances similar to the present action, where a California resident brought claims for, among other things, false advertising, against multiple defendants, including Harrah's Entertainment, Inc. *Snowney v. Harrah's Entertainment, Inc.*, 35 Cal.4th 1054 (2005). In *Snowney*, the plaintiff filed an action based on alleged omissions during various Nevada hotels' consummation of transactions with California residents and in the various Nevada hotels' California advertisements. The *Snowney* trial court and the Court of Appeal held that a substantial nexus did not exist between Harrah's Entertainment, Inc. The ruling on dismissal of Harrah's Entertainment, Inc., was not challenged on appeal to the Supreme Court. *Id*. at1060, n.1.

As was the case in *Snowney*, there is no evidence that Harrah's Entertainment has purposefully directed activities at California residents or that Harrah's Entertainment has significant contacts with California. Harrah's Entertainment is not responsible for the form or content of the "promotional invitation" submitted by plaintiff as the basis of this lawsuit. Harrah's Entertainment does not own, operate, or manage Harveys or Harrah's Lake Tahoe. Declaration of Michael E. Kostrinsky, ¶ 2, 3. Harrah's Entertainment is a Delaware Corporation with its principal place of business in Las Vegas, Nevada. Declaration of Michael E. Kostrinsky, ¶ 2. Harrah's Entertainment does not own any real or personal property in California. Declaration of Michael E. Kostrinsky, ¶ 5. Harrah's Entertainment does not own or operate any hotels or casinos in California, and Harrah's Entertainment has no offices or employees in California. Declaration of Michael E. Kostrinsky, ¶ 6, 7.

Harrah's Entertainment is simply a holding company, separate and distinct from any individual or corporation that may have had contacts with Plaintiff or the state of California related to this cause of action. California courts have clearly established that

/////

6

1  "neither ownership nor control, without more, subjects the parent to the jurisdiction of
2  the state where the subsidiary does business." *Sonora Diamond Corp. v. Superior Court*,
3  83 Cal. App. 4th 523, 540 (2000), citing *Cannon Mgf. Co. v. Cudahy Co.*, 267 U.S. 333, 336
4  (1925). The operative facts of this action are completely unrelated to any contacts
5  Harrah's Entertainment may have with California. As such, specific jurisdiction over
6  Harrah's Entertainment would be improper.

### b. The Exercise Of Jurisdiction Would Be Unfair And Unreasonable Under The Circumstances.

9  As a matter of fairness, a defendant should not be "haled into a jurisdiction solely
10  as the result of random, fortuitous, or attenuated contacts." *Burger King Corp.*, 471 U.S.
11  at 475. When considering whether jurisdiction over a foreign corporation is reasonable
12  or fair, California courts must avoid a mechanical analysis and should examine the
13  specific facts of each case. *Snowney*, 35 Cal.4th at 1061.

14  The facts of this case clearly establish that there is no reasonable basis for
15  exercising jurisdiction over the defendants. Harrah's Entertainment does not own,
16  operate, or manage Harveys or Harrah's Lake Tahoe Casino & Hotel. Declaration of
17  Michael E. Kostrinsky, ¶ 3, 4. Harrah's Entertainment is not incorporated or domiciled in
18  California. Declaration of Michael E. Kostrinsky, ¶ 2. Harrah's does not own any real or
19  personal property in California. Declaration of Michael E. Kostrinsky, ¶ 5. The events
20  surrounding the alleged incident are completely unrelated to any contacts Harrah's
21  Entertainment may have with California. Based on these facts, the exercise of jurisdiction
22  would be both unfair and unreasonable under the circumstances. Therefore, specific
23  jurisdiction over Harrah's Entertainment would be improper.

### III. CONCLUSION

25  For the reasons stated above, Specially Appearing Defendant Harrah's
26  Entertainment, Inc., submits that this court lacks the requisite jurisdiction to hear this
27  complaint. As such, Specially Appearing Defendant respectfully requests that the cause
28  /////

of action be dismissed with costs and expenses awarded to Specially Appearing Defendant.

Dated:        October 25, 2007

**SCHUERING ZIMMERMAN
SCULLY TWEEDY & DOYLE, LLP**

By _____
        Robert H. Zimmerman
        Attorneys for Defendant

ROBERT H. ZIMMERMAN, Bar No. 84345
SCHUERING ZIMMERMAN
SCULLY TWEEDY & DOYLE, LLP
400 University Avenue
Sacramento, California 95825-6502
(916) 567-0400
FAX: 568-0400

Attorneys for Defendant HARRAH'S ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MILETAK,<br><br>    Plaintiff,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC.,<br><br>    Defendants. | NO. C07 04398<br><br>DECLARATION OF MICHAEL E. KOSTRINSKY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>Date:        December 12, 2007<br>Time:       9:30 a.m.<br>Judge:     Magistrate Judge Richard Seeborg<br>Courtroom: 4 |

I, Michael E. Kostrinsky, declare:

1.  I am Associate General Counsel for Harrah's Operating Company, Inc. I have personal knowledge of the facts contained in this declaration and if called as a witness, I could and would competently testify thereto.

2.  Harrah's Entertainment, Inc., is a Delaware holding corporation for Harrah's Operating Company, Inc. Its articles of incorporation are found in Delaware and it maintains its principal place of business in Las Vegas, Nevada.

3.  Harrah's Entertainment, Inc., does not own, operate, or manage Harveys Lake Tahoe Casino and Resort.

4.  Harrah's Entertainment, Inc., does not own, operate, or manage Harrah's Lake Tahoe Casino and Hotel.

5.  Harrah's Entertainment, Inc., does not own any real or personal property in California.

6.  Harrah's Entertainment, Inc., does not own or operate any hotels or casinos in California.

7.  Harrah's Entertainment, Inc., has no offices or employees in California.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct and if called to testify, I could competently do so.

Executed this 23rd day of October, 2007.

/s/
MICHAEL E. KOSTRINSKY

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I certify that a true and correct copy of the Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; and Declaration of Michael E. Kostrinsky in Support Thereof was served via:

    X    First class mail

         Overnight delivery service

         Facsimile transmission (see attached transmission report)

on October 25, 2007, to the following parties/counsel of record:

Nick Miletak
14745 Conway Avenue
San Jose, California 95124

/s/
ROBERT H. ZIMMERMAN
1233-6518